UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


| | |
|---|---|
| **SCHEWANDA BAPTISTE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-96** |
| **RITZ-CARLTON HOTEL COMPANY, L.L.C. ET AL.** | **SECTION: H(4)** |

### ORDER AND REASONS

Before the Court is Plaintiff Schewanda Baptiste's Motion to Remand and Motion for Attorney Fees and Costs (Doc. 6). For the following reasons, this Motion is **GRANTED IN PART AND DENIED IN PART**.

### BACKGROUND

This case arises out of injuries allegedly sustained by Plaintiff Schewanda Baptiste while receiving a massage at Defendant Ritz-Carlton Hotel Company, LLC's spa in New Orleans, Louisiana. On March 27, 2021, Defendant Tisha Ciurea, a massage therapist, acting in the course and scope of her employment with the Ritz-Carlton, administered a stress relief massage

1

on Plaintiff. Plaintiff asserts that Ciurea negligently performed the massage and injured her in the process.

On December 1, 2021, Plaintiff filed suit against the Ritz-Carlton and Ciurea in the Civil District Court for the Parish of Orleans. Shortly thereafter, the Ritz-Carlton was served with the Petition and removed the suit to this Court, alleging diversity jurisdiction under 28 U.S.C. § 1332. Ciurea has not been served. In the instant Motion, Plaintiff moves for remand and attorney fees and costs, arguing that there is not complete diversity.

## **LEGAL STANDARD**

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[1] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[2] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[3] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of

---

[1] 28 U.S.C. § 1441.
[2] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 722 (5th Cir. 2002)).
[3] Pullman v. Jenkins, 305 U.S. 534, 537 (1939); *Manguno*, 276 F.3d at 723; *see also* Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995) (explaining why courts should determine removability in diversity cases based on the allegations known at the time of removal).

2

remand."[4] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[5]

## LAW AND ANALYSIS

Cases arising under § 1332 require, *inter alia*, complete diversity of citizenship.[6] "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[7] On its face, this matter lacks complete diversity. Plaintiff and Defendant Ciurea are citizens of Louisiana, while the Ritz-Carlton is a citizen of Delaware and Maryland. However, the Ritz-Carlton asserts two independent justifications for removal based on diversity jurisdiction: (1) snap removal and (2) improper joinder. The Court considers each argument in turn, followed by the request for attorney's fees and costs.

### I. Snap Removal

The phrase "snap removal" refers to a removal executed prior to service on all defendants.[8] Under 28 U.S.C. § 1441(b)(2), or what is sometimes called the "forum-defendant rule," "[a] civil action otherwise removable solely on the basis of [diversity jurisdiction] may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in

---

[4] Gasch v. Hartford Acc. & Indem. Co., 491 F.3d 278, 281–82 (5th Cir. 2007).
[5] 28 U.S.C. § 1447(c).
[6] Stiftung v. Plains Mktg., L.P., 603 F.3d 295, 297 (5th Cir. 2010) (citations omitted). There is no argument that the requisite amount in controversy has not been met.
[7] McClaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (internal quotation marks and citations omitted).
[8] *See* Tex. Brine Co. v. Am. Arb. Ass'n, Inc., 955 F.3d 482, 485 (5th Cir. 2020).

3

which such action is brought."[9] Snap removal provides a mechanism for an action to be removed prior to service on the forum defendant without triggering the forum-defendant rule. The Fifth Circuit has held that "[a] non-forum defendant may remove an otherwise removable case even when a named defendant who has yet to be 'properly joined and served' is a citizen of the forum state."[10] Here, Defendant has invoked snap removal as its basis for diversity jurisdiction, arguing that Ciurea, a Louisiana domiciliary, has not yet been properly served and therefore complete diversity exists.

At the outset, the Court notes that there are both jurisdictional and procedural requirements for removal under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b)(2). Here, it appears that the Ritz-Carlton confuses the jurisdictional requirement of complete diversity with the procedural character of snap removal.[11] While snap removal can bypass the procedural forum-defendant rule, it cannot confer jurisdiction. The Fifth Circuit has made clear that "[a] non-resident defendant cannot remove an action if the citizenship of any co-defendant, joined by the plaintiff in good faith, destroys complete diversity, regardless of service or non-service upon the co-defendant."[12] Accordingly, snap

---

[9] 28 U.S.C. § 1441(b)(2); *see also* Lovett v. Bright Horizons Child.'s Ctr., LLC, No. SA-20-CV-688, 2020 WL 3410898, at *2 (W.D. Tex. June 19, 2020).
[10] *Tex. Brine Co.*, 955 F.3d at 487.
[11] *See Lovett*, 2020 WL 3410898, at *2.
[12] New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 883 (5th Cir. 1998); *see also* Lopez v. EAN Holdings, LLC, CV 20-189, 2020 WL 1951644, at *3 n.27 (M.D. La. Apr. 22, 2020) ("[T]he law is clear that the citizenship of all named defendants, *whether served with process or not*, must be considered in determining whether complete diversity exists, thereby providing a jurisdictional basis for removal under 28 U.S.C. § 1441(a).") (citing Ott v. Consolidated Freightways Corp. of Del., 213 F. Supp. 2d 662, 664 & n.1 (S.D. Miss. April 16, 2002) (emphasis in original)).

removal cannot confer subject matter jurisdiction as the Ritz-Carlton suggests.[13] Because Plaintiff and Defendant Ciurea are both citizens of Louisiana, this matter lacks complete diversity and the Court does not have subject matter jurisdiction over it.

## II. Improper Joinder

Next, the Ritz-Carlton argues that Defendant Ciurea is improperly joined. "The doctrine of improper joinder is a 'narrow exception' to the rule of complete diversity, and the burden of persuasion on a party claiming improper joinder is a 'heavy one.'"[14] "To establish improper joinder, the removing party must demonstrate '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'"[15] Here, the Ritz-Carlton only alleges the second type of improper joinder. "The test for the second category of fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant."[16] "Stated differently, this requires that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[17] "Generally, the court conducts an analysis similar to that employed in the

---

[13] *See New York Life Ins. Co.*, 142 F.3d at 883.
[14] Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (quoting McDonal v. Abbott Labs., 408 F.3d 177, 183 (5th Cir. 2005)).
[15] Randolph v. Wyatt, No. 09-2020, 2010 WL 569753, at *3 (W.D. La. Feb. 11, 2010) (quoting *McDonal*, 408 F.3d at 183).
[16] Lorenzo v. State Farm Mut. Auto. Ins. Co., 983 F. Supp. 2d 852, 855 (E.D. La. 2013) (citing Smallwood v. Ill. Cent. R.R., 385 F.3d 568, 573 (5th Cir. 2004) (en banc)).
[17] *Id.* (citing *Smallwood*, 385 F.3d at 573).

context of Rule 12(b)(6), asking whether there is a legal basis for recovery assuming the facts in the complaint as true."[18]

Here, Plaintiff alleges that she was injured by Ciurea's negligence in performing the massage. Assuming Plaintiff's allegations as true, there is a reasonable basis for Plaintiff to recover against Ciurea. "Louisiana courts employ a duty-risk analysis to determine whether the defendant can be liable for the plaintiff's injuries."[19] Under this analysis, if Ciurea breached a duty she owed to Plaintiff, causing her damages, then Ciurea is liable to Plaintiff under Louisiana law.[20]

The Ritz-Carlton counters that Plaintiff's allegations do not establish Ciurea's liability under the standard set forth in *Canter v. Koehring, Co*.[21] "In *Canter*, the Supreme Court of Louisiana approved a four-part test to determine whether individual liability may be established against an employee for breach of a duty imposed solely by reason of his employment or agency relationship."[22]

---

[18] Slann v. Eagle, Inc., No. 20-3347, 2021 WL 389500, at *2 (E.D. La. Feb. 4, 2021) (citing *Smallwood*, 385 F.3d at 573).
[19] *Lorenzo*, 983 F. Supp. 2d at 856.
[20] *See* Cuevas v. City of New Orleans, 769 So. 2d 82, 85 (La. App. 4 Cir. 2000) (citing Hunter v. Dep't of Transp. & Dev., 620 So. 2d 1149, 1150 (La. 1993)).
[21] Canter v. Kohring, Co., 283 So. 2d 716 (La. 1973), *superseded on other grounds by statute*, LA. REV. STAT. § 23:1032.
[22] In re 1994 Exxon Chemical Fire, 558 F.3d 378, 385 (5th Cir. 2009). Under the *Canter* test, an employee may be individually liable provided: "(1) the employer must owe a duty of care to the customer; (2) this duty must be delegated by the employer to the particular employee; (3) the employee must breach this duty through his own personal fault; and (4) personal liability cannot be imposed on the employee simply because of his general administrative responsibility for performance of some function of the employment; he must have a personal duty to the plaintiff that was not properly delegated to another employee." George-McGee v. Wal-Mart Stores, Inc., No. 90-2788, 1991 WL 2701, at *2 (E.D. La. Jan. 9, 1991) (citing Miller v. Upjohn, 465 So. 2d 42, 47 (La. App. 1st Cir.), *writ denied*, 467 So. 2d 533 (La. 1985)).

The Ritz-Carlton argues that Plaintiff failed to allege that it delegated any duty to Ciurea or that she had a personal duty to Plaintiff and that she therefore cannot recover against Ciurea.

The *Canter* standard, however, does not apply to Plaintiff's claim against Ciurea. In *Lorenzo v. State Farm Mutual Automobile Insurance Co.*, another section of this Court clearly explained why *Canter* is inapplicable in circumstances similar to this case.[23] There, the plaintiff Lorenzo sued State Farm and two of its employees for allegedly defaming him during the course of their investigation into insurance fraud.[24] The plaintiff and employees were citizens of Louisiana, but State Farm removed the case on diversity grounds anyway, alleging that the employees were improperly joined because the plaintiff could not satisfy *Canter*. Explaining why that case was inapplicable, the Court stated:

> *Canter* was concerned with the personal duty element of the duty-risk analysis in situations where the specific duty breached was one owed to the employer rather than to the injured plaintiff. In other words, in cases like *Canter*, the facts do not suggest the existence of a personal duty owed to the plaintiff by the individual employee. Because the duty element is a required element of the duty-risk analysis in Louisiana, *Canter* dictates the specific and onerous criteria that the plaintiff must satisfy in order to state a claim against an individual whose breach of a job-related duty owed to his employer (as opposed to the plaintiff) results in an injury to the plaintiff.[25]

---

[23] 983 F. Supp. 2d 852.
[24] *Id.* at 854–55.
[25] *Id.* at 856–57. The *Lorenzo* Court noted that these principles were first articulated by Judge Rubin in *Avondale Shipyards, Inc. v. The Cuffe*, 434 F. Supp. 920, 930 (E.D. La. 1977).

7

The Court went on to explain that the plaintiff's claims against the employees did not "derive from the breach of an employment-related duty owed to State Farm but rather from the breach of the duty that the defendants owed to Lorenzo to refrain from injuring him in tort through their affirmative conduct—conduct that was targeted directly at Lorenzo."[26]

The same can be said of this case. Plaintiff's claim against Ciurea derives not from her employment-specific duty owed to the Ritz-Carlton, but rather from her independent duty to refrain from injuring others. That is, Plaintiff's claim would lie with equal force against Ciurea regardless of her employment status.[27] Accordingly, *Canter* is irrelevant to Plaintiff's claim against Ciurea. There is a possibility of recovery against Ciurea, and therefore she was not improperly joined by Plaintiff. Because Ciurea and Plaintiff share Louisiana citizenship, this case lacks complete diversity and must be remanded.

## III. Attorney's Fees and Costs

In her Motion, Plaintiff asks for attorney's fees and costs related to the Ritz-Carlton's efforts to remove this case. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court set forth the standard under this provision:

---

*Lorenzo*, 983 F. Supp. 2d at 857 n.2. There Judge Rubin analogized a claim against an executive officer for what was essentially malpractice to a claim against an employee who while driving a vehicle in the course and scope of his employment injures a third person. *Avondale Shipyards, Inc.*, 434 F. Supp. at 930.

[26] *Lorenzo*, 983 F. Supp. 2d at 857.

[27] *Cf. Avondale Shipyards, Inc.*, 434 F. Supp. at 930 ("The claim against [the defendant] could have been made with equal force had he been merely a designer, owned not a share in F. & G., and held no office in the corporation.").

8

> [T]he standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney's fees. When a court exercises its discretion in this manner, however, its reasons for departing from the general rule should be "faithful to the purposes" of awarding fees under § 1447(c).[28]

"The court must consider the propriety of the removing party's actions at the time of removal, based on an objective view of the legal and factual elements in each particular case, irrespective of the fact that it was ultimately determined that removal was improper."[29]

Here, although the Ritz-Carlton was incorrect as to the law on both snap removal and the applicability of *Canter*, it made mistakes that other litigants have made before.[30] The Court cannot say that the Ritz-Carlton totally lacked an objectively reasonable basis for seeking removal, and therefore the request for attorney's fees and costs is denied.

---

[28] Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005) (citations omitted).
[29] Firefights' Ret. Sys. v. Consulting Grp. Servs., LLC, 541 B.R. 337, 354 (M.D. La. 2015) (citing *Martin*, 546 U.S. at 140–41; Miranti v. Lee, 3 F.3d 925, 928 (5th Cir. 1993); Avitts v. Amoco Production Co., 111 F.3d 30, 32 (5th Cir.), *cert. denied*, 522 U.S. 977 (1997)).
[30] *See, e.g.*, *Lovett*, 2020 WL 3410898; Rodgers v. Tyson Foods, Inc., No. 20-4127, 2021 WL 2603710 (N.D. Ga. Apr. 27, 2021); *Lorenzo*, 983 F. Supp. 2d 852.

9

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand and Motion for Attorney Fees and Costs (Doc. 6) is **GRANTED IN PART AND DENIED IN PART**.

**IT IS ORDERED** that this case is **REMANDED** to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana this 30th day of March, 2022

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**